**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RYRUSCH IP LLC,           )
                             )
          Plaintiff,      )
                             )      No. 25 C 12615
      v.                    )
                             )      Judge Sara L. Ellis
HAAS, INC.,            )
                             )
          Defendant.     )

**OPINION AND ORDER**

Plaintiff RyRusch IP LLC ("RyRusch") brings this case against Defendant Haas, Inc. ("Haas"), alleging direct and indirect infringement of U.S. Patent No. 11,363,439 (the "'439 patent"). Haas has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because RyRusch does not sufficiently plead that all steps of the method claimed in the '439 patent are performed by or attributable to Haas, RyRusch has failed to state a claim for direct infringement. And because RyRusch has not pleaded facts sufficient to allow an inference that at least one direct infringer exists, it cannot maintain its claims for indirect infringement. The Court therefore dismisses the amended complaint without prejudice.

**BACKGROUND[1]**

On June 14, 2022, the United States Patent and Trademark Office issued the '439 patent, titled "Method for Communicating Emergency Messages to an Electronic Devices Associated with a Target Person." The '439 patent is assigned to RyRusch, a non-practicing entity, and relates to "apparatuses, systems and methods that transmit emergency messages to an electronic device, including radios, phones, speakers and the like, associated with a person who should take

---

[1] The Court takes the facts in the background section from RyRusch's complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Haas' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

action based on the message." Doc. 20-1 at 1:38–42. The specification states that this "new system and method for communicating emergency messages allows [] emergency personnel to communicate, in a one-way manner, directly to an electronic device . . . associated with the" target person, who can then "take action, preferably immediately, that will be of benefit to the emergency personnel and/or to the person himself or herself." *Id.* at 4:31–39.

The '439 patent has thirteen claims, of which three are independent. Claim 1, the broadest of these independent claims, recites:

1. A method of emergency communication, comprising the steps of:

a) providing an emergency vehicle associated with an emergency personnel, a transmitter associated with said emergency vehicle and said emergency personnel so as to transmit an emergency message to a target person in a signal radius, and an electronic device associated with said target person, said transmitter configured to transmit an emergency signal electronically carrying said emergency message and to transmit one or more transmitting security codes associated with said emergency signal, said transmitter further configured such that an on and off operation of said transmitter, a duration and content of said emergency message and said signal radius are selected and controlled by said emergency personnel, said electronic device cooperatively configured to be electronically connected to said transmitter and to receive said emergency message from said transmitter so as to be able to communicate said emergency message to said target person;

b) said emergency personnel needing to transmit said emergency message;

c) selecting said duration and content of said emergency message and said signal radius by said emergency personnel;

d) positioning said target person in said signal radius associated with said transmitter by movement of at least one of said emergency personnel, said emergency vehicle and said target person and/or by adjustment of said signal radius by said emergency personnel;

e) transmitting said emergency message to said electronic device to encourage said target person to take an appropriate action that will benefit at least one of the emergency personnel and the target person;

f) receiving said emergency message by said electronic device;

2

g) confirming said emergency message is from said emergency personnel by said electronic device utilizing one or more receiving security codes associated with said electronic device after said receiving step, said one or more receiving security codes selected so as to be cooperatively associated with said one or more transmitting security codes of said transmitter so as to allow electronic connection to said electronic device only upon confirmation that said emergency message is from said emergency personnel;

h) electronically connecting said transmitter to said electronic device; and

i) beneficially controlling said audio and/or visual function of said electronic device to improve said ability of said target person to receive said emergency message from said emergency personnel.

Doc. 20-1 at cl. 1.

On October 15, 2025, RyRusch sued Haas for infringement of the '439 patent. RyRusch alleges that Haas' operation and administration of the Safety Cloud® system with HA-7 ("Safety Cloud") directly and indirectly infringes "one or more claims" of the '439 patent. Doc. 20 ¶ 9. Safety Cloud is a "digital alerting system" that "enable[s] emergency and road maintenance vehicles to broadcast life-saving digital alerts" that "allow drivers more time to take appropriate action." Doc. 20-2 at 7.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th

3

Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.     Direct Infringement

Any person or entity who "makes, uses, offers to sell, or sells any patented invention, within the United States" infringes the patent. 35 U.S.C. § 271(a). With respect to method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).[2] To the extent that "more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible." *Id.* Specifically, a court may hold a single entity "responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.* "In those instances, the third party's actions are attributed to the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct infringement." *Id.* at 1023. This is known as joint or divided infringement.

While the amended complaint does not explicitly specify whether RyRusch is alleging a single or joint theory of direct infringement, the attached exhibits make clear that Haas is not the only entity alleged to practice the claimed method steps. As alleged in Exhibit B to the amended complaint, a chart detailing Haas's alleged infringement of each limitation in claim 1, "Haas uses [the Safety Cloud] technology . . . to enable emergency and road maintenance vehicles to

---

[2] In patent cases, Federal Circuit law governs "the specific question of whether a complaint states a claim of patent infringement on which relief may be granted." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024).

broadcast life-saving digital alerts." Doc. 20-2 at 11. After Haas provides the technology for use in an emergency vehicle, "the method is controlled by emergency personnel who select the on/off operation and duration . . . [and] control the content of the messages." *Id.* at 12. "In other words: HAAS supplies the mechanism and rules, emergency personnel supply the operational input." *Id.* at 30. It is the combination of these actions that result in the full performance of the claimed method.[3] *See id.* at 28 ("[T]he claim requires: that the method includes a step where duration and content are selected, and that this selection is made by emergency personnel, using the system."); *id.* at 30 ("[T]he invention is premised on delegating operational control to responders."); *see also* Doc. 20-1 at cl. 1. For this reason, it is appropriate to conclude that the complaint "implicates joint infringement." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016) ("[W]hile the Amended Complaint 'certainly leaves room for doubt regarding Plaintiff's theory of liability,' the allegations regarding an 'independent contractor' acting under the direction or control of CBS Interactive implicated a theory of joint infringement.").[4]

---

[3] Given the unequivocal allegations in Exhibit B, claim construction is unnecessary to resolve whether the claim terms require joint infringement. *See Lyda*, 838 F.3d at 1340 n.4 (concluding that the complaint implicates joint infringement and explaining that claim construction was unnecessary "to resolve the question of whether the claim terms require joint infringement" because "each count of the Amended Complaint unequivocally alleges the participation of multiple parties, and [plaintiff's] counsel acknowledged as much during oral argument").

[4] Haas argues that "many of the limitations are expressly performed by independent third parties, including: (a) 'emergency personnel;' (b) third-party developers of applications like Waze; (c) motor vehicle manufacturers who install vehicle infotainment systems; and (d) a 'target person' who operates a motor vehicle." Doc. 25-1 at 5. While Exhibit B and the asserted claims are both clear that emergency personnel are involved in the performance of the method steps, the same is not true of these other categories of third parties. And determining whether the asserted claims require action on the part of these other third parties will likely involve "question[s] of claim construction that [are] ordinarily 'not suitable for resolution on a motion to dismiss.'" *HexcelPack, LLC v. Pregis LLC*, No. 23 C 15282, 2024 WL 1859025, at *4 (N.D. Ill. Apr. 29, 2024) (*quoting Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018)). Moreover, determining whether these other third-parties perform any claimed method steps is not necessary, given the unequivocal involvement of emergency personnel. The Court therefore does not address whether third-party developers, motor vehicle manufacturers, and/or target persons perform any of the claimed method steps at this time.

5

Accordingly, to survive the motion to dismiss, RyRusch "must set forth factual allegations, not simply legal conclusions, that [Haas] controls the third party." *Sonrai Sys., LLC v. AMCS Grp. Inc.*, No. 16 C 9404, 2017 WL 4281122, at \*4 (N.D. Ill. Sept. 27, 2017) (citing *Lyda*, 838 F.3d at 1340). Alternatively, to "pursue a joint enterprise theory, the patent holder must allege facts sufficient to substantiate four elements: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Id.* (citing *Akamai Techs.*, 797 F.3d at 1023). Here, the amended complaint does not sufficiently plead direct infringement under either theory because it does not include any factual allegations regarding Haas's control over or agreement with the emergency responders who use Safety Cloud. To the contrary, RyRusch alleges in Exhibit B that emergency personnel—not Haas—maintains control over certain method steps. *See* Doc. 20-2 at 30 ("[T]he Safety Cloud system with HA-7 is designed so emergency personnel—not the vendor [i.e., Haas]—control the radius . . . the invention is premised on delegating operational control to responders."); *see also id.* at 35 ("[T]he method is controlled by emergency personnel who select the on/off operation and duration . . . [and] control the content of the message.").

Despite this, RyRusch argues that it has sufficiently stated a claim for joint infringement because the amended complaint alleges that Haas "configured and deployed" Safety Cloud, resulting in "all steps of the claimed method being performed by or attributable to" Haas. Doc. 26 at 6. But RyRusch provides no authority to support the argument that merely configuring and deploying technology later used by a third party to practice the remaining method steps is

sufficient to allege direct infringement. To the contrary, the available case law holds that such allegations fail to state a claim.

In *Sonrai*, for example, the plaintiff similarly alleged that two entities, Lakeshore and ACMS, were involved in performing the asserted method claims. 2017 WL 4281122, at *5. As in this case, the *Sonrai* complaint alleged that "ACMS provided technology to Lakeshore and instructed Lakeshore how to use it," resulting in the performance of the claimed method steps by Lakeshore. *Id.* at *6. The court held that these allegations did not establish "the control over Lakeshore that is required to substantiate a joint infringement theory" against ACMS because "the fact that AMCS provided the technology to Lakeshore has no bearing over whether AMCS in fact exercised control over Lakeshore's use of the technology to infringe." *Id.* Other courts have held similarly, dismissing direct infringement claims where the plaintiff alleged that the defendant provided technology to a third party who then completed the claimed method steps using that technology. *See Mullen Indus. LLC v. Samsung Elecs. Co.*, No. 2:24-CV-00049, 2024 WL 4870768, at *5 (E.D. Tex. Nov. 21, 2024) ("Plaintiff fails to state a claim for direct infringement based on allegations of direction and control through the provision of infringing software."); *Aftechmobile Inc. v. Salesforce.com, Inc.*, No. 19-CV-05903, 2020 WL 6129139, at *10 (N.D. Cal. Sept. 2, 2020) ("[A] claim for direct infringement of a method claim fails where it is predicated on the theory that the defendant sold software that is capable of practicing the claimed method."), *aff'd*, 853 F. App'x 669 (Fed. Cir. 2021).

For these reasons, the Court agrees that RyRusch has failed to sufficiently plead direct infringement and grants the motion to dismiss as to this claim.

7

## II.    Indirect Infringement

Two types of indirect infringement exist: contributory infringement and induced infringement.  35 U.S.C. § 271(b)–(c).  As a threshold matter, "[l]iability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement," meaning that "[t]here can be no inducement or contributory infringement without an underlying act of direct infringement."  *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004).  Thus, to survive a motion to dismiss, RyRusch must plead "facts sufficient to allow an inference that at least one direct infringer exists."  *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  RyRusch has not done so here.  The complaint does not plausibly allege direct infringement by RyRusch for the reasons stated above, nor does it include factual allegations to plausibly allege direct infringement by RyRusch's customers.  The Court therefore grants the motion to dismiss as to the claims of contributory infringement and induced infringement.

### CONCLUSION

For the foregoing reasons, the Court grants Haas' motion to dismiss [25].  The Court dismisses the amended complaint [20] without prejudice and gives RyRusch until June 12, 2026 to file a second amended complaint in conformity with this Opinion and Order.

Dated: May 18, 2026

_____
SARA L. ELLIS
United States District Judge

8